DECISION AND JOURNAL ENTRY
Defendant, John Webb, appeals from his conviction of gross sexual imposition by the Summit County Court of Common Pleas. We affirm.
On May 28, 1998, Defendant was indicted on one count of forcible rape of a person under thirteen years of age, in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Following a bench trial, Defendant was found not guilty on the charge of rape and guilty of the charge of gross sexual imposition. Defendant was sentenced to three years incarceration. He timely appealed and has raised two assignments of error for review.
ASSIGNMENT OF ERROR I
 The Trial Court erred when it excluded evidence of bias of the witness Scott Frye, Sr.
Defendant has argued that the court erred by excluding the testimony of Robert Webb, Defendant's brother. The testimony of Robert Webb, if permitted, would have been that he called the victim's father, Scott Frye, Sr., and during that conversation Mr. Frye told him that the fate of the Defendant rested in Mr. Frye's hands. Mr. Webb also would have testified that Mr. Frye offered to drop the charges for approximately $5,000.00. Mr. Frye had previously been cross-examined on this matter and acknowledged that he had spoken with Mr. Webb, but denied making the statements in question. The court excluded Mr. Webb's testimony as extrinsic evidence of a collateral matter. Defendant has argued that this testimony would have established bias and thus was admissible under Evid.R. 616.
Pursuant to Evid.R. 616, a party may impeach a witness through extrinsic evidence of bias. Bias is shown through evidence of a "relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." Redman v. Watch TowerBible Tract Soc. of Pennsylvania (1994), 69 Ohio St.3d 98, 99, quoting United States v. Abel (1984), 469 U.S. 45, 52,83 L.Ed.2d 450, 457.
The trial court enjoys broad discretion in the admission and exclusion of evidence and should not be reversed absent a clear abuse of that discretion. State v. Hymore (1967), 9 Ohio St.2d 122,128, certiorari denied (1968), 390 U.S. 1024,20 L.Ed.2d 281. An abuse of discretion is more than an error of law or judgment as it implies that the court acted unreasonably, arbitrarily, or unconscionably. Cedar Bay Constr., Inc. v.Fremont (1990), 50 Ohio St.3d 19, 22. The trial court did not abuse its discretion by excluding the testimony of Robert Webb.
Mr. Webb's testimony would not have been evidence of bias. Specifically, his testimony did not tend to prove that he had a relationship with Defendant that might have led him to "slant" his testimony. Rather, the proffered testimony was character evidence of Mr. Frye that tended to show his propensity for truthfulness or untruthfulness. See, e.g., Evid. R. 608. Although character evidence may be used in certain circumstances to impeach a witness, see Evid.R. 404(A)(3), pursuant to Evid.R. 608(B), extrinsic evidence of conduct other than a criminal conviction may not be used to attack the character of a witness. Therefore, the testimony was properly excluded as extrinsic evidence of Mr. Frye's character. Defendant's first assignment of error is without merit and is overruled.
ASSIGNMENT OF ERROR II
 The Trial Court's verdict of guilty of gross sexual imposition was against the manifest weight of the evidence.
In his second assignment of error, Defendant has attempted to argue that his conviction was against the manifest weight of the evidence. The appellant bears the burden of demonstrating error on appeal. Akron v. Perdue (Aug. 28, 1996), Summit App. No. 17677, unreported, at 2. Pursuant to App.R. 16(A)(7) and Loc.R. 7(A)(6), the appellant's brief shall contain the contentions of the parties with citations to authorities, statutes, and relevant portions of the record supporting their position. Defendant has failed to present such law and evidence to support his assignment of error.[1] This court has, however, reviewed the record and the applicable law and will address this assignment of error. The question of manifest weight shall be addressed first for ease of discussion.
In determining whether a conviction was against the manifest weight of the evidence, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. "The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction." Id. Upon review of the testimony and evidence presented at the trial, we cannot say that this is such a case.
Defendant was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4), which reads as follows:
 (A) No Person shall have sexual contact with another, not the spouse of the offender; * * * when * * *:
* * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
The victim testified that Defendant gave him alcohol to drink and placed an alcohol soaked rag over his face making him sleepy. When the victim awoke, he was laying face down on the Defendant's bed. The Defendant had removed the victim's clothing and was on top of the victim. The victim further testified that Defendant held a knife to his throat, pulled his head back, and Defendant pushed his penis between the victim's buttocks. The victim also stated that Defendant had bit him on the lower buttocks. The victim was eleven years old at the time of the attack. The victim's father testified that when he arrived at Defendant's apartment, he witnessed his son laying naked on Defendant's bed with Defendant laying on top of his son, pulling his son's head back, and inserting his penis between his son's buttocks. Several other witnesses, including the victim's step-mother, police detectives who responded to the 911 call, a social worker who treated the victim at the emergency room, and a physician who examined the victim, confirmed that the victim gave them similar accounts of what had transpired. The examining physician was also able to confirm that the victim had a fresh bruise on his lower buttocks that was consistent with a bite mark.
In light of the testimony given and the evidence presented, Defendant's conviction for gross sexual imposition was not against the manifest weight of the evidence. This assignment of error is overruled.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT CARR, J.
WHITMORE, J.
CONCUR
[1] In fact, Defendant has stated "[t]he legal tests of weight of the evidence are so well known that they need not be repeated here." Defendant has not addressed the legal requirements for determining whether the conviction was against the manifest weight of the evidence as alleged in his assignment of error.